Yazoo & M. V. R. Co. *v.* Washington *et al.*

[73 South. 879, Division A.]

1. RAILROADS. *Liability for fires. Statutes. Personal injuries.*
   Under Laws 1912, chapter 151, providing that a railroad corporation shall be liable to every person whose property is injured by fires communicated by its locomotives and giving the corporation an insurable interest in the property along its road, such liability is limited to property destroyed and does not authorize a recovery for personal injury or death resulting from a fire started by its engines unless there is proof of negligence.

2. RAILROADS. *Liability for fires. Evidence. Negligence.*
   Under the facts as set out in the opinion in this case the court held that the evidence did not show that the railroad negligently operated its engine which caused the fire at a speed of more than six miles per hour in an incorporated town in violation of section 4043, Code 1906.

APPEAL from the circuit court of Warren county.
HON.  E. L. BRIEN, Judge.

Suit by Luella Washington against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes, Wells, May & Sanders,* for appellant.

The main question confronting the court, upon the threshold, is the proper interpretation of chapter 151, page 161, Laws of Mississippi 1912, "that each railroad

corporation owning or operating a railroad in this state shall be responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated, directly or indirectly, by locomotive engines in use upon the railroad owned or operated by such railroad corporation, and each such railroad corporation shall have an insurable interest in the property upon the route of the railroad owned or operated by it and may procure insurance thereon in its own behalf for its protection against such damages.''

The instructions requested by the plaintiffs invoking this statute, and given by the court, extend the operation of the statute to the suffering and death of plaintiffs' intestate, as well as to the damages for the destruction of the property.

The giving of said instructions for plaintiffs and the refusal of said instructions for defendant, can be accounted for only upon the theory that our said statute applies equally to persons and property, and to so apply the statutes necessitates writing into it what has been obviously omitted from it, and to revolutionize the law of liability for personal injuries resulting in death at the hands of railroad corporations in Mississippi.

The general rule of liability for fires caused by operation of railroads is stated in 11 Ruling Case Law, at page 961. This general rule has been recognized and followed generally by the courts of this country and by our own courts.

Prior to the enactment of the 1912 statute, *supra,* concerning the liability of railroad corporations for fires communicated from their engines, they were held not to be liable unless negligent, either in the equipment of their locomotive engines or in the operation thereof, and that such negligence must be the proximate cause of the damages sued for. The rule declared by our court, in the case of *Railroad Company* v. *Fried,* 81 Miss. 314, 33 So. 74, being substantially, that owners carry risks arising from the non-negligent use of its railroad by the

company operating on the track. See, also *Railway Co.*
v. *Insurance Co.*, 82 Miss. 770, 35 So. 30.

The cases cited by the author or the text quoted
*supra*, are all cases of damages to property. The statute
has changed this rule as affecting property damages and
has left the principle of liability as to damages result-
ing from personal injuries, or injuries resulting in
death, exactly as it stood prior to the passage of the
absolute liability statute, *supra*.

It then becomes important to note the principle
governing the liability for personal injuries resulting in
death, caused by fire, prior to the passage of this statute
and this rule is stated in 3 Elliot on Railroads, section
1247, page 576.

Thus it is to be seen that recovery is made to depend
upon the company's negligence and plaintiff's freedom
from contributory negligence in reference to the fire.

The court by the instructions given withdrew from
the jury the question as to the appellant's negligence in
setting out the fire, both as to the property damage and
the damage for personal injuries resulting in death.

The eighth instruction is the one fatal instruction
which must vitiate this recovery, because it tells the
jury, in so many words, that without reference to the
negligence or non-negligence of the appellant railway
company, if it caused the fire in question and that by
said fire Amelia Harrison was burned to death, the
appellant company would be liable for mental anguish
and physical pain and suffering by said Amelia Harri-
son in being so burned to death.

In 11 Ruling Case Law, pages 978, *et seq.*, statutory
imposition of liability irrespective of negligence, is dis-
cussed and it is stated that the courts have held, or
assumed as a basis for their decisions that such statutes
are valid, that is, making the railroads insurers of the
property destroyed by fire set out by them. But it is
to be noted that the counts were dealing with property
and not with personal injuries.

Such was the law in Mississippi prior to the enactment of the 1912 absolute liability statute, by virtue of section 1985, Mississippi Code 1906, as construed by our court in the cases of *M. & O. R. R. Co.* v. *Gray,* 62 *Miss.* 383; *L. N. O. & T. R. R. Co.* v. *N. J. & C. R. R. Co.,* 67 Miss. 399, 7 So. 350; *Railway Co.* v. *Barrett,* 78 Miss. 432, 28 So. 820.

Thus it is prior to 1912, in Mississippi, as in a majority of the other states, it was necessary for the plaintiff to establish the fact that the railroad comany negligently set out the fire to be entitled to recover, and that by the aid of our *prima-facie* statute, the *prima-facie* case could be made out by proof that the fire was started by the Railroad Company. This was the law both as applied to property damage, as well as damages by personal injuries. The only effect of the 1912 Mississippi Statute, *supra,* is to change the rule of property damages as to make the Railroad Company liable for property damaged or destroyed, independent and irrespective of the railroad company's negligence in causing the fire.

The absolute liability statute of Mississippi is a rescript of the Missouri statute of March 31, 1887, and the constitutionality of the latter statute was sustained py the supreme court of the States in the case of *St. Louis & San Francisco Railroad Co.* v. *Matthews,* 41 Law Ed. 611. In this decision the supreme court of the United States reviewed the similar statutes of the various states and the decisions of the courts construing the same. It will be seen from a review of Mr. Justice Gray's opinion, that the constitutionality of the Missouri statutes, is upheld mainly upon the consideration to afford some indemnity against the risk to those whose property is exposed to the dangerous apparatus used by railroads in the operation of their trains in close proximity to stationary properties. That this is the correct view, is supported by the cases digested in note to the case of *Mathews* v. *St. Louis & S. F. R. R. Co.,* 25 L. R. A., pages 162 and 163.

A statute which makes a Railroad Company absolutely liable for killing animals is unconstitutional as depriving the company of property without due process of law. *Zeigler* v. *South & North Ala. R. Co.*, 58 Ala. 564. The authority of that case was recognized in *Memphis & C. R. Co.* v. *Lyon*, 62 Ala. 71.

A law imposing absolute liability for the value of stock killed on the track is unconstitutional. *Jensen* v. *Union Pac. R. Co.*, 4 L. R. A. 724, 6 Utah, 253; *Bielenburg* v. *Montana Union R. Co.*, 2 L. R. A. 815, 8 Mont. 271; *Thompson* v. *Northern Pac. R. Co.*, 8 Mont., 279; *State* v. *Divine*, 98 N. C. 778; *Cateril* v. *Union Pac. R. Co.*, 2 Idaho 540; *Denver & R. G. Co.* v. *Outcalt*, 2 Colo. App. 395; *Ohio & M. R. Co.* v. *Lackey*, 78 Ill. 55.

In the case of *Birmingham Mineral R. Co.* v. *Parsons*, 100 Ala. 662, 27 L. R. A. 263, 46 Am. St. Rep. 92, 13 So. 602, the court held that the second section of the Alabama statute of 1886 imposed an absolute liability on the railroads whether they had complied with the regulations of the statute as to the erection of guards or not, and that it was therefore unconstitutional as requiring stricter accountability from Railroad Companies in case of inevitable accidents, than from natural persons, the court following *Zeigler* v. *South*.

The statute of Colorado providing that every railroad or Railroad Corporation or Company operating any line of railroad or railway, or any branch thereof, which shall damage or kill any domestic animal by running any engine or engines, car or cars, over or against any such animal, shall, except as to certain owners, be liable to the owner for the damage sustained by reason thereof, is unconstitutional. *Denver and R. G. Co.* v. *Baker*, 2 Colo. App. 443, 31 Pac. 181; *Denver & R. G. Co.* v. *Davidson*, 2 Colo. App. 447, 31 Pac. 181.

This act was not saved by the amendment of 1891. *Rio Grande Western R. Co.* v. *Vaughn*, 3 Colo. App. 465, 34 Pac. 264; *Rio Grande Western R. Co.* v. *Cham-*

*berlin,* 4 Colo.App. 149, 34 Pac. 450; *Sweetland* v. *Atchinson T. & S. F. R. Co.,* 22 Colo. 220, 43 Pac. 1006; *Denver & R. G. R. Co.* v. *Thompson,* 12 Colo. App. 1, 54 Pac. 402; *Little Rock & Fort S. R. Co.* v. *Payne,* 33 Ark. 816, 34 Am. Rep. 55; *Tilley* v. *St. Louis & S. F. R. Co.,* 49 Ark. 535, 6 S. W. 8.

So then, the instructions are necessarily erroneous under any view that may be taken for this case or the theory upon which it was prosecuted, because it eliminates altogether the question of the railroad company's negligence as to the alleged wrongful death

We have searched diligently, in vain, to find a case where a similar statute had been invoked and applied to a personal injury and we confidently assert that this case is without a precedent in the reported cases. If the statute had been so written as to apply to this case, we firmly believe this court would, without hesitation, upon the suggestion of its unconstitutionality, declare it invalid.

*Dabney & Dabney* and *Anderson, Vollor & Kelly,* for appellee.

To make perfectly plain to this court what counsel for appellant undertake to make plain, but somewhat fail to do, is this: Appellant seems to contend that the absolute statute (chapter 151, p. 161 Laws of 1912), making a railroad liable for all damage done to property by the setting out of fire by its locomotives, properly interpreted, would not make the railroad liable for personal injuries growing out of such fires unless negligence on the part of the railroad is established by the plaintiff, after the railroad has rebutted the *prima-facie* presumption.

In other words, they contend that we need only establish the bare fact that the railroad set fire to the building to enable us to recover for the loss of the building under the absolute liability Act of 1912, while,

in order to recover for the loss of a human life in the same building, caused by the same fire, from the same locomotive we must prove that the locomotive that set out the fire was negligently equipped or negligently operated.

So here are two statutes—one the absolute liability statute of 1912, and the other the positive prohibitive section 4043 of the Code of 1906—both of which have been violated by this defendant company, which were it necessary to prove negligence to fix liability for the death of the old woman, amply answer the contention of counsel for appellant that no negligence has been proven, for a violation of any statute is, we submit, negligence *per se.*

"Many cases lay down the rule that the violation of a statute or ordinance constitutes negligence *per se* or as a matter of law, or conclusive evidence of negligence. Thus, it has been said, a person violating a public ordinance is a wrongdoer and negligent *ex necessitate* in the eye of the law, and an innocent person injured by the wrongful act is entitled to redress." 21 Am. & Eng. Ency. Law (2 Ed.), p. 478, and many cases there cited.

In addition to the proof of the violation of these statutes as an evidence of appellant's negligence if it were necessary to go any further to fix liability on the appellant for the death of the woman, we have only to refer to the common law principle of liability, declared in the leading and oft-cited case of *Scott* v. *Shepherd,* 3 Wils. 403, 2 W. B. C., 892, 1 Smith Lead. Cases, 8th Am. Ed. 797—the celebrated Squib Case—and the almost unending array of decisions during the interval of years since upholding the principle announced in that case, that one starting in motion a dangerous agency, is liable for all resultant injuries.

True, as stated by counsel for appellant (their brief, page 5), the general rule of liability for fires caused by operation of railroads is as stated in 11 Ruling Case Law, at page 961, as follows: "Negligence as Basis of

Liability.—In the case of fires caused by the operation of railroads, as in the case of fires set or permitted to spread by private persons, the rule is now well established that, in the absence of statutes to the contrary no liability to answer in damages for injuries caused by such fires attaches in the absence of negligence or misconduct.''

But while this is the general law, in the absence of statutes to the contrary, there are statutes to the contrary in Mississippi, a violation of which imposes absolute liability, and fires set out by railroads in this state do not fall within the ''general rule.''

It would seem from appellant's contention that plaintiff should have brought two separate and distinct actions for this fire because, as they contend, a different kind of proof is needed to recover for the destruction of the building from that for the destruction of the human life; but to do this, would have been fatal to whatever cause of action might have been brought last, for this court will not permit more than one action by the same parties plaintiff for all of the injuries growing out of the same occurrence. In other words, a cause of action may not be split, See:

''Damages Caused by One Wrong.—Affecting One Person.—(L) In General. By the weight of authority all damages sustained by one person by a single wrong give but one cause of action, and hence where an action is grounded not only on the damage sustained but also on the unlawful act, a new action cannot be brought unless there has been a new unlawful act and fresh damage. Thus, but one action will lie for damages resulting from a single trespass to or wrongful act respecting law; for the removal of lateral or subjacent support; for the negligence or wrongful act of the municipality; for setting fires which cause injury; for a single fraud, misrepresentation, malicious prosecution, or false imprisonment; for personal injuries; for enticing away a servants and generally for all damages resuting from one

and the same act; and it is immaterial that the damages resulted from negligence combined with a natural cause, or that the injuries produced were distinct.'' 23 Cyc. 446.   Also, see, *Pittman* v. *Christian,* 59 M. R. 124; *Hanes* v. *Planter C. P. Association,* 55 M. R. 654; *Homes Insurance Company* v. *L. N. O. & T. R. R.,* 70 M. R. 119; *M. & O. R. R.* v. *Stinson,* 74 M. R. 453. ·

We claim that the firing of said house by a locomotive of this defendant company is a violation of the Acts of 1912 and that any violation of a statute constitutes negligence *per se.* *A. & V. R. R.* v. *Barnett,* 78 M. R. 432; *Tribbett* v. *I. C. RR.,* 71 M. R. 212.

''Evidence that satisfies the mind of the jury is all that is required in any case.'' *Doe* v. *Dignowitty,* 4 Smedes & Marshall, 57; *Erye* v. *Holland,* 37 S. W. 359; *Brown* v. *Sullivan,* 71 Tex. 470; note to 8 A. & E. Enc. (2 Ed.), 663. And Lord Campbell's Act (S. 721); *Spengler, Adm.,* v. *Williams,* 67 M. R. 1.

As to defendant's instructions which the trial court was correct in refusing, we say nothing further than that they were drafted and submitted upon an entirely erroneous theory of the law—on the theory that where the Railroad Company is liable for the burning of the house under the absolute statute, proof that the locomotive was not properly equipped, or was negligently operated, should be shown before a recovery could be had for the death of the woman. In other words, they contend that the means being unlawful, the end is lawful, unless negligence which need not be proven to establish the means is shown to establish the end.

The review of the law as contained in appellant's brief was doubtless the correct law before section 4043 of the Code of 1906 or the absolute liability statute of 1913 became effective. It is not the law now, however.

And an injury is an injury; a wrong; and unless there are such strong extenuating circumstances as to amount to wilfulness on the part of the injured person, damages should lie.

Sykes, J., delivered the opinion of the court.

The appellee sued the defendant railroad company in the circuit court of Warren county for damages for the burning of a small house belonging to their mother situated near the railroad track, and also for damages for the death of their mother, who was burned up in the house. It is alleged that the house was set on fire by sparks from an engine or locomotive of the defendant railroad company. The fire occurred on November 27, 1912. Judgment was rendered in favor of the plaintiffs for damages for the burning of the house, and also for the death of their mother for the amount of one thousand, eight hundred dollars from which judgment this appeal is prosecuted. At the request of the plaintiffs, the jury were in effect instructed that, if they believed that the fire was caused by cinders or sparks from an engine of the defendant company, then they should return a verdict for the plaintiff both for the burning of the house and for the death of their mother. The testimony in the case shows that the fire originated between one and two o'clock p. m. on November 27, 1912; that it was a cold, damp day. The mother of appellees, who was burned in the house, was a decrepit and helpless old negro woman about seventy-seven years old and was there alone at that time. No one saw sparks from any engine set the house on fire. Evidence was introduced that shortly before and after the accident engines of this company had been seen to throw sparks and had started fires along the right of way near the *locus in quo;* that sparks from an engine had once set on fire this same house; that on the day on which this fire occurred sparks had been seen falling from engines of the defendant; that between nine thirty and ten o'clock that morning, while one of the appellees was sweeping the porch of the house which later burned, sparks from an engine fell upon the porch. There was testimony that two freight trains and a switch engine of the company

passed this house a short time before the fire. It was shown that these trains and this switch engine were properly and carefully operated at that time and were equipped with proper sparks arresters. The exact distance of the house from the railroad track is not shown, but varies from fifty-nine to three hundred feet. It seems to have been the theory of the lower court that the appellant was liable for all damages which occurred to persons as well as property from fires caused by sparks from its engines, under chapter 151, page 161, Laws of Mississippi of 1912. This chapter reads as follows:

"An act to make railroad corporations liable for damages for fires set out, directly or indirectly, by locomotives in use upon its road, and to give said corporations an insurable interest in the property along the line of its road.

"Railroads liable for damages resulting from fires caused by locomotives.

"Section 1. Be it enacted by the legislature of the state of Mississippi, at each railroad corporation owning or operating a railroad in this state shall be responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated directly or indirectly, by locomotive engines in use upon the railroad owned or operated by such railroad corporation, and each such railroad corporation shall have an insurable interest in the property upon the route of the railroad owned or operated by it and may procure insurance thereon in its own behalf for its protection against such damages.

"Sec. 2. That this act shall take effect and be in force from and after its passage.

"Approved March 8, 1912."

It is an exact copy of a Missouri statute. This Missouri statute was held to be constitutional in the very interesting case of *St. Louis & San Francisco R. Co.* v. *Mathews,* 165 U. S. 1, 17 Sup. Ct. 243, 41 L. Ed. 611.

We quote from the opinion of Mr. Justice Gray as follows:

"The motives which have induced, and the reasons which justify, the legislation now in question, may be summed up thus: Fire, while necessary for many uses of civilized man, is a dangerous, volatile, and destructive element, which often escapes in the form of sparks, capable of being wafted afar through the air, and of destroying any combustible property on which they fall; and which, when it has once gained headway, can hardly be arrested or controlled. Railroad corporations, in order the better to carry out the public object of their creation, the sure and prompt transportation of passengers and goods, have been authorized by statute to use locomotive engines propelled by steam generated by fires lighted upon those engines. It is within the authority of the legislature to make adequate provision for protecting the property of others against loss or injury by sparks from such engines. The right of the citizen not to have his property burned without compensation is no less to be regarded than the right of the corporation to set it on fire. To require the utmost care and diligence of the railroad corporations in taking precautions against the escape of fire from their engines might not afford sufficient protection to the owners of property in the neighborhood of the railroads. When both parties are equally faultless, the legislature may properly consider it to be just that the duty of insuring private property against loss or injury caused by the use of dangerous instruments should rest upon the railroad company, which employs the instruments and creates the peril for its own profit, rather than upon the owner of the property, who has no control over or interest in those instruments. The very statute now in question, which makes the railroad company liable in damages for property so destroyed, gives it, for its protection against such damages, an insurable interest in the property in danger of destruction and the right to obtain insurance thereon in

its own behalf; and it may obtain insurance upon all such property generally, without specifying any particular property."

Before the enactment of this statute in Mississippi, a railroad company was only liable for fire negligently started by it. The appellant contends that it is not liable for the death of the old woman unless the testimony shows that the fire was negligently started. It contends that chapter 151, above set out, only relates to damage to property, and not to personal injuries.

It is the contention of the appellees that, even if this be true, the testimony in this case further shows that these engines were violating section 4043 of the Code of 1906, in that they were running over six miles an hour in an incorporated town. This contention of appellees is based upon certain testimony of the master mechanic of the defendant who testified in the case. However, this testimony does not sustain this contention. The master mechanic at the time in question did not see the two freight trains or the switch engine, one of which is compelled to have started the fire, if it was started by an engine of this company. On the other hand, the testimony shows that these three locomotives were being properly and skilfully handled over that part of the defendant's track. Consequently, the appellee cannot invoke any violation of this statute.

Under the above chapter of the Laws of 1912, proof that a fire is started by sparks of a locomotive of a railroad company makes the railroad liable for the resulting damages to property, but in no way affects any liability for personal injuries. Personal injuries and suits for death resulting from personal injuries are unaffected in any way by this chapter. It was therefore error for the plaintiffs in the court below to fail to incorporate, in their instructions as to recovery for the death of the old woman, the usual negligence clause. The rule relating to damages caused by fire started by sparks from a locomotive is now different from that relating to per-

sonal injuries. It therefore follows that the instructions given the plaintiffs relating to liability for the death of the old woman were erroneous. A correct instruction on this question was refused the defendant.

*Reversed and remanded.*